IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION



| | | |
|---|---|---|
| BOBBY MITCHELL | ) | CASE NO. 3:10CV1876 |
| Plaintiff, | ) | |
| v. | ) | JUDGE DAVID A. KATZ |
| NATIONAL CITY BANK, et al. | ) | MEMORANDUM OF OPINION AND ORDER |
| Defendants. | ) | |

Plaintiff *pro se* Bobby Mitchell filed this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, against defendants National City Bank, and employees Desiree Niemen and Sean Finn. He alleges state claims of Misrepresentation, Fraud in the Inducement, Fraud in the Inception, Undue Influence, Fraud by Concealment and Malice. Plaintiff's claim arises out of an account at National City Bank. Review of a rambling narrative shows that Plaintiff opened an account with National City Bank and subsequently wanted to close the account but Defendant Niemen refused to comply.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

42 U.S.C. § 1983 provides a right of action for violation of federal rights or guarantees.

*Gardner v. City of Cleveland*, 656 F. Supp.2d 751, 758 (N.D. Ohio, 2009). In *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), the Supreme Court stated that "the initial inquiry [in a section 1983 action] must focus on whether the two essential elements ... are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." The person acting under color of law is usually a state or local government official or employee. *Doyle v. Schumann*, 2008 WL 397588 * 3 (N.D. Ohio, Feb. 11, 2008). A plaintiff does not have a cause of action under § 1983 against a private party no matter how discriminatory or wrongful the party's conduct. *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003)(citing *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). All Defendants are private parties and could not have been acting under color of state law.

Plaintiff has presented state law claims which must be brought under the Court's diversity of citizenship jurisdiction. National City Bank is now PNC Bank. Federally chartered national banks are not incorporated by any State. For diversity jurisdiction purposes, therefore, Congress has provided that national banks "shall ... be deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348. The United States Supreme Court has held that a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306-307 (2006). It is not a citizen of every state in which it has a branch office. *Horton v. Bank One, NA*, 387 F,3d 426, 429 (5th Cir. 2004).

National City Bank or PNC Bank is headquartered in Pittsburgh, Pennsylvania. The other two Defendants are residents of Ohio as is the Plaintiff. 28 U.S.C. 1332(a) provides:

2

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between-
> (1) citizens of different states;...

A fundamental requirement of diversity jurisdiction is that there be complete diversity between or among the parties, meaning that no party share citizenship with any opposing party. *Caudill v. N. Am. Media Corp.,* 200 F.3d 914, 916 (6th Cir.2000). Even if any Defendant is a citizen of another state, Plaintiff and at least one Defendant are Ohio residents. Thus, this Court lacks jurisdiction over this matter.

Plaintiff has included Title VII of the Civil Rights Act of 1964 in his Complaint. Title VII provides that "[i]t shall be an unlawful employment practice for an employer ... to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin sex ... 42 U.S.C. §§ 2000e-2(a)(1)-(a)(2). Plaintiff is not an employee of the National City Bank so Title VII does not apply to this case.

Accordingly, Plaintiff's Motion to Proceed *In Forma Pauperis* is granted. This action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date: _____

JUDGE DAVID A. KATZ
UNITED STATES DISTRICT JUDGE